REDMANN, Judge.
On an earlier appeal in this case, La.App., 324 So.2d 475, another three-judge panel held a cause of action for arbitration stated despite plaintiff’s having combined matters covered by arbitrable and non-arbitrable contract provisions. As we read that opinion, it agreed with the trial judge’s key conclusion of law, namely that arbitration of such a combination is simply not available. However, despite the petition’s failure to allege that defendant refused to arbitrate the arbitrable issue if severed from the non-arbitrable issue (see R.S. 9:4203), the earlier opinion “conclude[d] that the petition does state a cause of action to arbitrate the controversy arising under the last sentence of Section 1.02, and [the first sentence of?] Section 1.03 [the admittedly arbitrable provisions].” 324 So.2d at 478. Unfortunately, this express limitation of the cause of action was not specified in the court’s further utterance: “LP&L should be given an opportunity to agree to the proposed arbitration or refuse. We remand . solely for the purpose of determining if LP&L will refuse to arbitrate.” Id.; emphasis added.
The trial judge understandably found that LP&L refused “the proposed arbitration” and order arbitration “as petitioned for herein.”
That judgment must be reversed. Despite its somewhat contradictory expressions, the earlier opinion of this court must be read to deem the issues separable and to have found a cause of action only as to the arbitrable issue. Yet plaintiff did not show any unwillingness on LP&L’s part to arbitrate that issue, and the court could not have found that LP&L failed to comply with the arbitration agreement, as required by R.S. 9:4203, by refusing arbitration as to the arbitrable issue. (Indeed, plaintiff has not even shown that it itself is willing to arbitrate as to the arbitrable issue alone.)
Reversed; dismissed at plaintiff’s cost.